

-PS-

```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RONALD COOPER,

                    Plaintiff,

     -v-                                    08-CV-6238P

ROBERT DENNISON, former chairperson         ORDER
of the NYS Div. of Parole;
AMY CUMMISKEY, Parole Officer in
Monroe County;
LEWIS HRYCKO, Parole Officer in
Monroe County;
DOUGLAS RUSINKO, Parole Officer in
Monroe County;
MR.  SIRAGUSA, Sr. Parole Officer
in Monroe County;
GINA PRITCHETT, Former Director of
Day Reporting Center;
AMY HORNSBERGER, Mental Hygiene
Coordinator, County Jail; and
JUDITH CUMMINS,
Administrative Law Judge,

                    Defendants.
_____
```

## INTRODUCTION

Plaintiff Ronald Cooper, proceeding pro se and in forma pauperis, has filed an Amended Complaint in response to the Court's October 2, 2008 Order (Docket No. 5). The Amended Complaint is now the operative pleading in this action, and plaintiff has named the above-listed defendants. He claims that the defendants have violated his Constitutional Rights. For the reasons discussed below, several of plaintiff's claims are dismissed and service is directed on the remaining defendants only.

## PLAINTIFF'S AMENDED COMPLAINT

Courts should "read the pleadings of a pro se plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" See McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir.1999) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir.1994)); see also Chambers v. United States, 106 F.3d 472, 475 (2d Cir.1997) ("It is routine for courts to construe prisoner petitions without regard to labeling in determining what, if any, relief the particular petitioner is entitled to."). "A document filed pro se is to be liberally construed, ..., and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, — U.S. —, 127 S.Ct. 2197, 2200 (2007) (internal quotation marks and citations omitted).

Broadly interpreting plaintiff's pro se pleadings in light of the Court's October 2, 2008 Order, the Court finds that plaintiff is raising several claims that are consistent with his earlier complaint. He claims that Parole Chairman Dennison[1] violated his civil rights by establishing a policy that imposed Special Conditions on parolees regarding "sex offenses" even where the conditions did not relate to the crime of conviction, and failed to

---

[1] Brion Travis is no longer named a defendant in the Amended Complaint. Plaintiff was advised in the October 2, 2008 Order that the Amended Complaint would completely replace his original complaint and that he should include all claims against all defendants against whom he intended to pursue claims.

2

remedy the problem even after plaintiff brought it to his attention.

Plaintiff claims that he was denied requisite due process during a number of parole violation hearings because Administrative Law Judge Cummins was biased, and witnesses Cummiskey and Pritchett gave false and perjured testimony. Additionally, he claims that Officer Cummiskey slandered and libeled him.

Plaintiff claims that Cummiskey, Pritchett, and Hrycko joined together to punish him for his complaints regarding the nature and conduct of their parole and Day Reporting supervision. Further, he claims that Siragusa failed to investigate plaintiff's complaints regarding the improper supervision.

Additionally, plaintiff claims that Officers Rusinko, Hrycko and others engaged in excessive force when taking him into custody on August 17, 2005. Finally, plaintiff claims that Mental Hygiene Coordinator Hornsberger misdiagnosed plaintiff, and put false information into his medical records, which led to improper medication and suffering.

## DISCUSSION

Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this Amended Complaint. The Court shall dismiss a complaint if the action (I) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is

immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a); see also Abbas v. Dixon, 480 F.3d 636 (2d Cir. 2007).

In evaluating the Amended Complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. See Larkin v. Savage, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" See Erickson, 127 S.Ct. at 2200 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. —, —, 127 S.Ct. 1955, 1959 (2007) (internal quotation marks and citation omitted); see also Boykin v. Keycorp, 521 F.3d 202, 213 (2d Cir 2008) (discussing pleading standard in pro se cases after Twombly).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." See Whalen v. County of Fulton, 126 F.3d 400, 405 (2d. Cir. 1997) (citing Eagleston v. Guido, 41 F.3d 865, 875-76 (2d Cir.1994)). Based on its evaluation of the Amended Complaint, the Court finds that several of plaintiff's claims must be dismissed as barred or pursuant to 28 U.S.C. §§1915(e)(2)(B)(ii) and 1915A(b).

### A.   Claims That Are Sufficient to Survive This Initial Review

The claims that were previously found to survive this review may go forward including: plaintiff's claims regarding the allegedly unlawful policy to impose the Special Conditions despite the lack of relationship of the conditions to the crime of conviction and Dennison's failure to remedy; claims that the improper imposition of the Special Conditions of Parole violated his constitutional rights; and plaintiff's retaliation claims against the parole officers. Further, plaintiff's claims alleging excessive force at his arrest are sufficient to proceed against Officers Rusinko and Hrycko. Additionally, plaintiff's amended complaint includes the claim that Gina Pritchett joined in the retaliation during her supervision of plaintiff at the Day Reporting Center. This allegation is not so implausible as to be dismissed at this stage in the proceeding.

Further, plaintiff's claims that Mental Hygiene Coordinator Hornsberger violated plaintiff's Eighth Amendment rights through deliberate indifference to his medical condition and putting false information into his medical records are sufficient to set forth a claim of deliberate indifference to his medical condition. It may be that plaintiff may fail to prove his claims, but the Court's uncertainty that plaintiff will ultimately succeed on the merits is no justification for a dismissal at this stage of the case. See Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does

not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations").

### B. Amended Complaint Claims That Must Be Dismissed

Plaintiff is attempting to re-assert claims regarding the parole violation hearings themselves. For the reasons that the claims were dismissed in the October 2, 2008 Order, the claims are again dismissed. The Supreme Court has made clear that there is no cause of action under 42 U.S.C. § 1983 for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid." See Heck v. Humphrey, 512 U.S. 477, 484 (1994).

Moreover, plaintiff's claims regarding false testimony at one or more of the parole hearings could not proceed as independent claims separate from the due process challenges to the hearings themselves, except as they relate to the retaliation claims discussed above. Plaintiff does not have a constitutional right to be free from false accusation. See Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986) ("The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest"); see also Threat v. Russi, 784 F.Supp. 65, 68 (W.D.N.Y. 1992). "Constitutional allegations that a parole revocation proceeding violated a parolee's right to due process must challenge the proceedings themselves and not solely the testimony of the witness." See Mitchell v. Mid-Erie Counseling Service, 2005 WL

6

1579810 *4 (W.D.N.Y. 2005) (citing Threat v. Russi, 784 F.Supp. at 65). Therefore, plaintiff's claims challenging the parole violation hearings are dismissed from this action, and Judith Cummins remains terminated as a defendant to this action.[2]

To the extent that plaintiff is raising slander, libel and defamation claims, such claims must be dismissed. These allegations, at best, raise state tort claims. "The averment that a tort was committed under color of state law is not enough." See Savage v. Snow, 575 F.Supp 828, 837 (S.D.N.Y. 1983) (dismissing claims for harassment and slander brought under section 1983).

## CONCLUSION

Plaintiff is proceeding pro se and in forma pauperis. For the reasons discussed above, plaintiff's claims challenging his parole violation hearings, claims alleging state torts, and claims dismissed by the October 2, 2008 Order are dismissed. Judith Cummins is terminated as a party to this action.

The U.S. Marshal is directed to serve the summons and Amended Complaint on former Chairperson of the New York State Division of Parole Robert Dennison, Parole Officer Amy Cummiskey, Parole Officer Lewis Hrycko, Parole Officer Douglas Rusinko, Senior Parole Officer Siragusa, Former Director of Day Reporting Center Gina Pritchett, and Monroe County Jail Mental Hygiene Coordinator Amy

---

[2] Additionally, as an Administrative Law Judge for the Division of Parole, Cummins would also be entitled to immunity for claims regarding her decision to revoke parole. See Montero v. Travis, 171 F.3d 757, 760 (2d Cir. 1999) (citing Scotto v. Almenas, 143 F.3d 105 (2d Cir. 1998).

7

Hornsberger regarding the policy claims challenging the imposition of Special Conditions; the failure to remedy claims; the improper imposition of the Special Conditions of Parole claims; the retaliation claims; the excessive force claims; and the Eighth Amendment medical claim.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's Amended Complaint is the operative pleading;

FURTHER, that plaintiff's claims challenging his parole violation hearings, claims alleging state torts, and claims dismissed by the October 2, 2008 Order are dismissed;

FURTHER, that the Clerk of the Court is directed to terminate defendant Judith Cummins as party to this action;

FURTHER, that the Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Amended Complaint, and this Order upon Robert Dennison, Amy Cummiskey, Lewis Hrycko, Douglas Rusinko, Senior Parole Officer Siragusa, Gina Pritchett, and Amy Hornsberger without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;

FURTHER, that pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to answer the Amended Complaint.

**SO ORDERED.**

s/Michael Ar. Telesca<br>
MICHAEL A. TELESCA<br>
United States District Judge

Dated:   February 3, 2009
         Rochester, New York