UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RONALD COOPER,

Plaintiff,

-v-

ROBERT DENNISON, former chairperson of the
NYS Div. of Parole, et al.,

Defendants.

DECISION AND ORDER

08-CV-6238 CJS

## INTRODUCTION

This is an action pursuant to 42 U.S.C. § 1983 in which Plaintiff Ronald Cooper ("Plaintiff") alleges that the defendants violated his federal constitutional rights in connection with his parole supervision. Now before the Court is Plaintiff's application [#9] for a temporary restraining order ("TRO") and a preliminary injunction. For the reasons that follow, the TRO application is denied, and defendants are directed to file a response to the preliminary injunction request.

## BACKGROUND

In 1982 Plaintiff was convicted of various felonies, including bank robbery, in New York State Supreme Court, Monroe County, and received an indeterminate prison sentence of fifteen to thirty years. In or about December 1996, Plaintiff was paroled. Plaintiff spent the next eight years on parole, apparently without incident. In or about April 2005, Plaintiff showed a sexually-explicit picture of himself to a female co-worker. As a result Plaintiff was charged with aggravated harassment, and was fired from his job.

Plaintiff did not notify his parole officer of the incident, and consequently he was charged with a parole violation. According to Plaintiff, he was found not guilty of the parole violation. Nonetheless, Plaintiff's parole officer imposed additional terms and conditions of parole, pertaining to sexual conduct (the "sex offender conditions."). Although Plaintiff complained that he was being improperly treated like a sex offender, nothing was done.

Subsequently, Plaintiff began a new job, and as a result of this new employment, he failed to attend a scheduled meeting with his probation officer. As a result, Plaintiff was charged with another parole violation, was convicted, and was sentenced to fifteen months in prison. Plaintiff contends that this parole violation was unjustified, because he left a telephone message at the probation office, informing probation of his new job.

In November 2006, Plaintiff was again released to parole supervision, and his parole officer again imposed the sex-offender conditions. Plaintiff wrote numerous letters complaining about the sex-offender conditions, and "sought [unspecified] legal action," to no avail. Approximately one month after being restored to parole, Plaintiff was again charged with a violation, for failing to obey his curfew. Plaintiff was convicted of the charge and sentenced to an additional eighteen months in prison. According to Plaintiff, the parole violation was in retaliation for his complaints about the sex offender conditions.

While in prison, on May 30, 2008, Plaintiff commenced the subject action. In July 2008, Plaintiff was again released to parole supervision. In December 2008, Plaintiff's parole officer rescinded the sex-offender conditions.

Then in February 2009, parole officers searched Plaintiff's apartment, while he was present, and discovered "a very small amount of marijuana which Plaintiff explained he had." (Motion for TRO [#9], Cooper Affirmation at 3). The parole officers also questioned

2

Plaintiff about pictures that he had taken of himself with a cell phone, and about

pornography on his computer. Plaintiff was charged with an unspecified parole violation,

and following a preliminary parole violation hearing, he was placed in the Monroe County

Jail, pending a final hearing.

Service of the summonses and complaints in this action is to be performed by the

U.S. Marshal. (Decision and Order [#8] filed on February 6, 2009). Summonses for the

defendants were issued on March 9, 2009. However, to date, none of the Defendants has

been served.

On March 16, 2009, Plaintiff filed the instant application for a TRO/preliminary

injunction, seeking an order directing that: 1) he be immediately released from jail; 2) his

remaining prison sentence be held in abeyance; and 3) parole officials take no further

action against him. In support of the application, Plaintiff states:

[T]his is apparent retaliation, once again, for voicing his complaints in writing
to the defendants in Albany, and/or the fact that he was 'set up' by someone
unknown who may have tipped parole officers that he was involved in some
sort of illegal activity, yet that was never produced at the preliminary parole
violation hearing.

*Id*. Plaintiff alleges that he will suffer irreparable harm if his application is not granted,

because of "issues that he is going through, including issues relating to medical." *Id*. at 4.

## DISCUSSION

The standard to be applied when considering an application for preliminary

injunctive relief is well settled:

A party seeking a preliminary injunction ordinarily must show: (1) a likelihood
of irreparable harm in the absence of the injunction; and (2) either a
likelihood of success on the merits or sufficiently serious questions going to
the merits to make them a fair ground for litigation, with a balance of
hardships tipping decidedly in the movant's favor. When the movant seeks

3

a 'mandatory' injunction-that is, as in this case, an injunction that will alter rather than maintain the status quo-she must meet the more rigorous standard of demonstrating a 'clear' or 'substantial' likelihood of success on the merits.

*Doninger v. Niehoff*, 527 F.3d 41, 47 (2d Cir. 2008) (citations omitted).  Violation of a constitutional right is considered "irreparable harm." *Jolly v. Coughlin*, 76 F.3d 468, 482 (2d Cir.1996) ("The district court . . .  properly relied on the presumption of irreparable injury that flows from a violation of constitutional rights."); *see also*, *Charette v. Town of Oyster Bay*, 159 F.3d 749, 755 (2d Cir.1998) ("In the context of a motion for a preliminary injunction, violations of First Amendment rights are commonly considered irreparable injuries.") (citation and internal quotation marks omitted).  Moreover, "[t]o prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." *Candelaria v. Baker*, No. 00-CV-0912E(SR), 2006 WL 618576 at *3 (W.D.N.Y. Mar. 10, 2006) (citation omitted); *accord, Taylor v. Rowland*, No. 3:02CV229(DJS)(TPS), 2004 WL 231453 at *2-3 (D.Conn. Feb. 2, 2004).

With regard to the merits of Plaintiff's underlying retaliation claims, "[i]n order to state a claim for First Amendment retaliation, the plaintiff must allege that the conduct at issue was constitutionally protected and that the protected conduct was a substantial or motivating factor in the defendant's decision to discipline him." *McCloud v. Kane*, 491 F.Supp.2d 312, 317 (E.D.N.Y. 2007) (citations omitted).

Here, Plaintiff has failed to demonstrate that he is entitled to a TRO.  Plaintiff alleges, in conclusory fashion, that he is being retaliated against, but fails to provide any evidence of that.  For example, Plaintiff fails to allege the stated reason why the most-

4

recent probation violation was lodged against him, although, as already discussed, he admits that he possessed marijuana. Plaintiff also fails to provide any evidence that the parole violation charge is related to his prior complaints about the sex-offender conditions. Accordingly, his papers do not "clearly show that immediate and irreparable injury injury, loss, or damage will result to [him] before the adverse party can be heard in opposition." Federal Rule of Civil Procedure 65(b)(1)(A).

## CONCLUSION

For the foregoing reasons, Plaintiff's application [#9] is denied insofar as it seeks a TRO. As for the application for a preliminary injunction, the Clerk of the Court is to cause the United States Marshal to serve a copy of Plaintiff's application [#9], along with a copy of this Decision and Order, and the summonses and complaints, on the defendants. Defendants are directed to serve a response to the application for injunctive relief [#9] along with their answers to the summons and complaint. Upon receiving defendants' responses, the Court will either schedule a hearing or issue a written decision.

SO ORDERED.

Dated:     March /9 , 2009
           Rochester, New York

Charles Suragusa
CHARLES J. SIRAGUSA
United States District Judge

5